UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UMG RECORDINGS, INC.; SONY BMG
MUSIC ENTERTAINMENT; ARISTA
RECORDS, L.L.C.; ELEKTRA
ENTERTAINMENT GROUP, INC.,

        Plaintiffs,

v.                                                                                  Case Number 06-14999-BC
                                                                                Honorable Thomas L. Ludington

LAMARR MOORE,

        Defendant.
_____/

## ORDER REJECTING PARTIES' STIPULATION

On November 7, 2006, Plaintiff recording companies filed a complaint against Defendant Lamarr Moore under 17 U.S.C. §§ 101 *et seq.*, alleging violations of copyright law by illegally downloading music. On March 13, 2007, the parties filed a stipulation. They also provided a proposed judgment and permanent injunction. The stipulation states that the parties have agreed to settlement terms and a permanent injunction that bars Defendant from infringing on Plaintiffs' rights.

The stipulation, captioned as "Stipulation to Judgment and Permanent Injunction," leaves the Court unclear of the procedural basis for the relief the parties seek. Despite the authorization of 17 U.S.C. § 502 for an injunction as a remedy for copyright infringement, including a permanent injunction, employing that remedy would, nevertheless, require the entry of the injunction as a "judgment" under Federal Rule of Civil Procedure 54. Under Rule 54, a judgment is "any order from which an appeal lies," but the stipulation expressly sets out that Defendant waives any right to an appeal. More importantly, the stipulation expressly refrains from allocating any liability to

Defendant, despite the fact that a judgment entails a determination of the rights and obligations of parties in a case. The stipulation otherwise appears to reflect a consensual settlement agreement, does not dismiss the action, but, on the contrary, provides for "continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction." The parties may, therefore, wish to file a stipulation that clearly identifies the legal basis for the relief they seek.

Accordingly, it is **ORDERED** that the parties' stipulation to judgment and permanent injunction is **REJECTED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 2, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 2, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS